IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARTIN SANCHEZ, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | C.A. NO. C-07-176 |
| § | | |
| DAN JOSLIN, § | | |
| Respondent. § | | |

## MEMORANDUM AND RECOMMENDATION TO
## GRANT RESPONDENT'S MOTION TO DISMISS

Petitioner is in the custody of the Federal Bureau of Prisons ("BOP") and is currently incarcerated at FCC Beaumont. On April 18, 2007, petitioner filed this pro se petition for a writ of habeas corpus relief under 28 U.S.C. § 2241. (D.E. 1). On August 28, 2007, respondent filed a motion to dismiss the petition for failure to properly exhaust his administrative remedies. (D.E. 22). Petitioner has not replied to respondent's motion.[1] For the reasons stated herein, it is respectfully recommended that respondent's motion be granted.

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. See also Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (affirming dismissal of habeas corpus petition for failure of petitioner to respond to motion for summary judgment). Instead, on October 1, 2007, petitioner filed a motion to voluntarily dismiss his petition. (D.E. 23). Because respondent has filed an answer, (D.E. 21), petitioner is not entitled to a voluntary dismissal persuant to Rule 41(a) of the Federal Rules of Civil Procedure.

## I. JURISDICTION

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 2241. The Fifth Circuit has established that "[a] section 2241 petition ... must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). Petitioner was incarcerated at FCI Three Rivers in Live Oak County, Texas at the time this petition was filed. Therefore, jurisdiction is proper in this Court.

## II. BACKGROUND

Petitioner is serving a 77-month sentence for illegal re-entry after removal from the United States. (D.E. 1 at 1). On October 16, 2006, petitioner allegedly refused a direct order to tuck in his shirt; this incident escalated into an altercation with several correctional officers. Id. at 12-13, 16-18. Two sets of charges were filed against petitioner, leading to two separate disciplinary hearings. Id. at 11, 15. On November 29, 2006, petitioner was found guilty of threatening another with bodily harm, a violation of Code 203. Id. at 13. Specifically, he threatened to harm a correctional officer. Id. Prison records indicate that petitioner denied the charges and did not request that witnesses be present. Id. at 11. Petitioner forfeited forty-one days of good time credit, lost telephone privileges for 180 days, and was placed in disciplinary segregation for forty-five days. Id. at 14.

The second hearing occurred on January 11, 2007.  Id. at 15.  At this hearing petitioner admitted to charges of assault and of insolence to a staff member arising from the same incident.  Id.  Among other sanctions, the hearing officer disallowed thirty-five days of good time credit.  Id. at 18.  This petition does not challenge the results of the second hearing.

Petitioner claims that his due process rights were denied during the first hearing because he was not allowed to call eight inmate witnesses, or collect their statements and because there is no evidence to support the hearing officer's decision.  Id. at 14.  In support of the latter argument, he points to discrepancies between evidence offered at the first and second hearings.  Id. at 2-5.  Petitioner also alleges that he properly exhausted his administrative remedies:

> The petitioner filed his BP 10 appeal [to the Regional Director of the Bureau of Prisons] on Dec. 25, 2006.  The appeal was timely.  The appeal was rejected as [sic] a technicality and returned to petitioner.  The petitioner recieved [sic] the rejected appeal on 2-13-07.  The petitioner cured the defect and re-submitted it on 2-28-2007.  More than 30 days have lapsed and petitioner has not received a response or rejection to the appeal.  Therefore, the BOP has waived it's [sic] right of review by operation of law.  The petitioner has mailed a letter to the Central Office in Washington, D.C. advising of the failed response and requested review by the central office for a final disposition of the appeal.  The petitioner has received no response from

Washington.

Id. at 6.

### III.  DISCUSSION

**A.    Exhaustion of Administrative Remedies Standard of Review.**

Prisoners must exhaust all administrative remedies before challenging a disciplinary decision in habeas petitions.  See Preiser v. Rodriguez, 411 U.S. 475, 477 (1973).  Failure to exhaust is an affirmative defense to a habeas corpus petition.  See Day v. McDonough, 547 U.S. 198, 208-09 (2006); accord Magouirk v. Phillips, 144 F.3d 348, 357 (5th Cir. 1998).

The Fifth Circuit has held that a petition for habeas relief by a federal prisoner is premature where the prisoner has failed to allege that he has exhausted his administrative remedies.  Ledesma v. United States, 445 F.2d 1323, 1324 (5th Cir. 1971) (per curiam).  The Fifth Circuit has further determined that although "the exhaustion requirements of 42 U.S.C. § 1997e(a) do not apply to a properly filed section 2241 petition ..., federal prisoners must exhaust 'administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241.'"[2]

---

[2] 42 U.S.C. § 1997e(a), the Prison Litigation Reform Act, states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  While this provision does not apply to habeas corpus petitions, the Fifth Circuit recognizes "a judicially created exhaustion

4

Mayberry, 74 Fed. Appx. at 299 (citations omitted); see also Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1993) (per curiam) (a federal prisoner "is required to exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241"); McMahon v. Fleming, 145 Fed. Appx. 887, 888 (5th Cir. Aug. 15, 2005) (per curiam) (unpublished) (prisoner's habeas petition should be dismissed absent showing that he exhausted his administrative remedies).

Courts may excuse the exhaustion requirement "where the available administrative remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." Fuller, 11 F.3d at 62 (citation omitted). A petitioner must demonstrate "extraordinary circumstances that would warrant a waiver of the exhaustion requirement." Mayberry, 74 Fed. Appx. at 299 (citing Fuller, 11 F.3d at 62).

---

requirement." Mayberry v. Pettiford, 74 Fed. Appx. 299, 299 (5th Cir. July 9, 2003) (per curiam) (unpublished).

## B. Federal Inmates Must Exhaust Grievances Pursuant to BOP Regulations.

The Fifth Circuit has explained that:

> In the administration of federal prisoners, primary responsibility for supervision is delegated by statute to the Bureau of Prisons under the direction of the Attorney General.... Under that authority, the Bureau has promulgated rules and regulations for the proper administration of the various prisons and has established effective means to review actions taken by local prison officials. In line with these regulations, grievances of prisoners concerning prison administration should be presented to the Bureau through the available administrative channels. Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.

Lundy v. Osborn, 555 F.2d 534, 535 (5th Cir. 1977) (per curiam) (citations omitted); accord Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993) (quoting Lundy).

Typically, the BOP provides a three-tiered administrative process by which inmates can present a complaint. See 28 C.F.R. § 542 et seq.; see also Shah v. Quinlin, 901 F.2d 1241, 1243 (5th Cir. 1990) (discussing BOP administrative remedy procedures). However, when challenging the results of a disciplinary hearing, prisoners appeal directly to the Regional Director and, if necessary, the General Counsel. 28 C.F.R. § 542.14(d)(2) ("DHO [disciplinary hearing officer]

appeals shall be submitted initially to the Regional Director for the region where the inmate is currently located."). Appeal to the General Counsel is the final level of administrative review. 28 C.F.R. § 542.15(a).

Prisoners are subject to deadlines at each level of the grievance process. They have twenty calendar days to appeal to the Regional Director. 28 C.F.R. § 542.15(a). If they desire to appeal his decision, they must do so within thirty calendar days of the date the Regional Director signed the response. Id. These deadlines may be extended when the inmate demonstrates a valid reason for delay. Id.

These regulations also set a time limit for officials to respond to prisoner grievances. The Regional Director and General Counsel are required to respond within thirty and forty calendar days, respectively, but may each extend those deadlines to sixty days if necessary to make a decision. 28 C.F.R. § 542.18. The inmate must be notified in writing of any extension. Id. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Id.

## C.  Petitioner Has Failed to Exhaust His Administrative Remedies.

Petitioner concludes that respondent has waived his right to assert the defense of failure to exhaust because the Regional Director did not answer his amended grievance within thirty days of its submission on February 21, 2007. (D.E. 1 at 6).  However, pursuant to BOP regulations, petitioner should have treated a failure to respond as a denial on March 23, 2007.  28 C.F.R. § 542.18.  He was then required to appeal that denial to the General Counsel.  Id.  Petitioner alleges that he "sent a letter to the Central Office in Washington, D.C.," but does not specify any date. (D.E. 1 at 6).  Assuming petitioner sent his appeal on March 23, 2007, the General Counsel's failure to respond could not be considered a denial until the forty day response period elapsed on May 2, 2007.  28 C.F.R. § 542.18.  This petition was filed on April 18, 2007.  (D.E. 1).

Based on the timing of the petition's filing, petitioner could not have properly exhausted the administrative remedies available to him under the BOP's administrative grievance system.  Petitioner has not suggested, nor does the record indicate, that administrative remedies were unavailable or inappropriate, or that attempting to exhaust them properly would have been futile.  Therefore, it is respectfully recommended that petitioner failed to exhaust his administrative remedies.

## IV.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion to dismiss, (D.E. 22), be granted.

Respectfully submitted this 4th day of October 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; 28 U.S.C. § 636(b)(1)(C); and Article IV, General Order No. 2002-13; United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except on grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n., 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).